**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ZACHARIAH ARTHUR WILLIAMS, JR.,** | ) | |
| **ID # 1969543,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:17-CV-341-M (BH)** |
| | ) | |
| **WARDEN MILLER,** | ) | **Referred to U.S. Magistrate Judge** |
| **Respondent,** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 received on February 6, 2017, should be **DENIED** with prejudice.

## I. BACKGROUND

Zachariah Arthur Williams, Jr. (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a § 2254 petition for writ of habeas corpus challenging his conviction for aggravated assault. The respondent is Warden Miller (Respondent).

**A.      State Court Proceedings**

Petitioner was indicted for aggravated robbery in Cause No. F13-53277 in Criminal District Court No. 3 of Dallas County, Texas. (*See* doc. 17-6 at 12.)[1] The State alleged a prior conviction for enhancement. He pleaded not guilty, and the case was tried before a jury on September 10-13, 2013.

On March 7, 2013, a truck driver was sleeping in his truck at a truck stop. Shortly after

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

midnight, he was awakened by what sounded like a metal pipe hitting the ground. He looked out and saw a man beating another man who was laying on the ground. The other man was above him, on his knees, and using his body weight to add leverage to his blows. According to the truck driver, "It wasn't a normal one guy hitting another guy to defend him off or put him down. This guy was meaning to do some serious damage." The man on the ground did not move, and there was a lot of blood. The truck driver called 911. He did not see a weapon, and he did not identify what cause the metal clanking sound that he heard.

A police officer responded to the scene. The victim was on the ground near a truck, and there was blood around him. He was disoriented and in pain, and his face was bloody and swollen. He was bleeding from the mouth, and there were teeth on the ground. There was also blood on the truck bumper. The officer interviewed a woman at the scene, whom he knew was a prostitute. The officer testified that prostitutes sometimes work with others at a truck stop to rob truckers. Based on his investigation, the officer obtained a physical description of a suspect and his clothing.

A police sergeant driving to the scene saw Petitioner walking nearby. He fit the description of the suspect. There was blood on his clothes, and he kept putting his hands in his pockets as if trying to conceal something. The sergeant stopped Petitioner and discovered a small aluminum bat in a leg of his pants. The bat was the type used by truckers to hit tires to check tire inflation. Petitioner also had gold cufflinks, a tie clip, cigarettes, and a lighter. He had a bump on his head above his left eye. Petitioner admitted to the sergeant that he was involved in the fight, stating, "Yeah, I hit him but he – he pulled the bat on me, and I took it away from him, [and] [t]hen I took my aggression out on him." A crime scene investigator took photographs of the crime scene, the victim, and appellant. He noted that the bat did not have visible blood on it.

2

A detective assigned to investigate the case interviewed Petitioner. After receiving *Miranda* warnings, Petitioner stated that the victim hit him on the head with the bat, but that he got the bat away from the victim. He denied using the bat on the victim. The detective saw the victim at the hospital, who had extensive facial injuries and could not be interviewed.

The woman interviewed by the officer testified that Petitioner, whom she did not know until that night, took her to the victim, and she got into the cab of the victim's truck. Petitioner asked the victim for five dollars for finding and bringing her to him. When the victim refused, Petitioner told the victim that he had flattened his tires. The victim gave the woman some money for dinner, and she left the truck to go into the store at the truck stop. As she returned to the victim's truck, she passed Petitioner, who told her that the victim had jumped out and started hitting him with a bat. Petitioner showed her the bat. The woman discovered the victim covered in blood next to his truck. She ran toward some police cars and yelled for help.

The victim testified that he did not remember much from the night he was beaten. He awoke in the hospital several weeks after the incident. He lost teeth, his face was rebuilt, and at the time of trial, he continued to have blurry eyesight, memory loss, a torn rotator cuff, and numbness in his head and face. Because of the beating, he could no longer drive trucks. He identified the tie clip and cufflinks found on Petitioner as his. *See Williams v. State*, No. 05–13–01479–CR, 2015 WL 3868530 at *1-2 (Tex. App. – Dallas June 23, 2015).

The jury was instructed on aggravated robbery and the lesser-included offense of aggravated assault, and it convicted Petitioner of aggravated assault. (*See* doc. 17-6 at 124, 131, 151.) After he was convicted, the State offered, and Petitioner accepted, an agreement on punishment for a 15-year sentence. (*See* docs. 17-6 at 126; 17-14 at 6-7.) The judgment stated that Petitioner was

3

convicted of aggravated robbery, (*see id*. at 131), and it was corrected by a judgment *nunc pro tunc* to show that he was convicted of aggravated assault, (*see id*. at 151).  It was affirmed on appeal.  *See Williams*, 2015 WL 3868530.

The Texas Court of Criminal Appeals refused his petition for discretionary review.  *See Williams v. State*, PD-949-15 (Tex.  Crim. App. Nov. 4, 2015).  Petitioner's first state habeas application was signed on August 14, 2014, and received by the court on August 29, 2014.  (*See* doc. 17-20 at 5, 21.)  On October 29, 2014, it was dismissed because his appeal was pending.  (*See* doc. 17-18); *see Ex parte Williams*, WR-82,277-01 (Tex. Crim. App. October 29, 2014).  Petitioner's second state habeas application was signed on February 4, 2016, and received by the court on February 11, 2016.  (*See* doc. 18-5 at 5, 29.)  On December 7, 2016, it was denied without written order on the findings of the trial court.  (Doc. 18-1); *see Ex parte Williams*, WR-82,277-02 (Tex. Crim. App. Dec. 7, 2016).

**B.**    **Substantive Claims**

Petitioner raises the following grounds:

(1) There was an illegal search and seizure by illegally arresting him, taking DNA samples, and taking photographs of him;

(2) His statements were involuntary, because he was not given *Miranda* warnings;

(3) He was denied an examining trial and a motion to suppress;

(4) He was denied the right to a speedy trial;

(5) The indictment was defective, and there was a variance between the original indictment and the amended indictment at trial;

(6) The evidence was insufficient to show that he used a deadly weapon and that he was not acting in self-defense;

(7) He had a mental disability, and he was not properly treated under the American

4

Disabilities Act.

(8) He was subjected to double jeopardy;

(9) Counsel was ineffective because he:

    (a) improperly selected the jury;

    (b) not cross-examining witnesses effectively;

    (c) not requesting an examining trial;

    (d) not moving to suppress his confession;

    (e) not objecting to Petitioner being shackled before the jury;

    (f) not obtaining evidence in his defense;

    (g) failing to advise Petitioner about the Mandatory Victim Restitution Act;

    (h) not objecting to hearsay evidence and photographs admitted at trial;

(10) The prosecution amended the indictment during trial, presented perjured testimony, and delayed court proceedings;

(11) The trial court failed to instruct the jury on the presumption of reasonableness for Petitioner's use of deadly force in self-defense, shackled him before the jury, and excluded him from resentencing; and

(12) Appellate counsel was ineffective because he failed to raise claims about the weapon and he did not sufficiently communicate with Petitioner.

(*See* docs. 3, 4, 23.)  Respondent filed a response on June 23, 2017.  (Doc. 16.)  Petitioner's reply,

received on October 2, 2017, raises the following new claims:

(1) He has not been given a copy or access to the trial transcripts in violation of his right to due process (*see* doc. 23 at 9);

(2) Counsel was ineffective for bringing in another attorney to assist with the trial (*see id*. at 15);

(3) Counsel was ineffective, because Petitioner would have preferred to accept a plea agreement than go to trial (*see id*. at 15); and

5

(4) Counsel was ineffective, because counsel did not visit Petitioner, and his pretrial discussions with counsel were recorded without knowing who was listening (*see id*. at 16).

## II.  APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural."  *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).  A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  As for the "unreasonable application" standard, a writ must issue "if

the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001).  Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply."  *Williams*, 529 U.S. at 407.  "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable."  *Id.* at 409; accord *Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact.  *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000).  Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'"  *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000).  The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

## III.  EXHAUSTION AND PROCEDURAL BAR

Respondent contends that the following claims are unexhausted and procedurally barred: denial of an examining trial; denial of the right to a speedy trial; treatment for his mental disability; double jeopardy; ineffective assistance of counsel for not objecting to his being shackled, failing to advise him about the Mandatory Victim Restitution Act, and not objecting to hearsay and photographs; the prosecution's amendment of the indictment, presentation of perjured testimony, and delay of court proceedings; and trial court error by failing to instruct the jury on an aspect of

self-defense, shackling him, and excluding him from resentencing; and ineffective assistance of appellate counsel (grounds 3, 4, 7, 8, 9(e), 9(g), 9(h), 10, 11, 12). (*See* doc. 16 at 7-11.)

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust under § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. A petitioner must also present his claims in a procedurally correct manner. *See Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001); *Deters*, 985 F.2d at 795.

Although Petitioner raised several claims in his petition for discretionary review (*see* doc. 17-4), only two issues were raised in the court of appeals – sufficiency of the evidence and the trial court's failure to instruct the jury on the presumption of reasonableness regarding deadly force. *See Williams*, 2015 WL 3868530. A claim is not exhausted if it was not raised in the court of appeals and was raised for the first time in a petition for discretionary review. *See Myers v. Collins*, 919 F.2d 1074, 1077 (5th Cir. 1990).

The Texas Court of Criminal Appeals does not have jurisdiction to consider a state habeas application until after the judgment of conviction becomes final. *Larry v. Dretke*, 361 F.3d 890, 894 (5th Cir. 2004) (citing *Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000)). When a defendant appeals a judgment of conviction, the judgment does not become final until the court of appeals issues the mandate. *Id*. Petitioner's first state habeas application, which was filed before

the mandate was issued, did not present claims in a procedurally correct manner. *See Larry*, 361 F.3d at 896 (state habeas application that was filed before mandate issued was not properly filed). The first state habeas application did not exhaust any of his claims. *See Beazley*, 242 F.3d at 263. The claims listed by Respondent, and Petitioner's new claims in his reply, were not raised his second state habeas application, so these claims are unexhausted.

These claims are also procedurally barred from federal habeas review. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). The normal rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state court remedies, and the state court to which he would be required to present his unexhausted claims would now find those claims to be procedurally barred. *Id*. In those cases, the federal procedural default doctrine precludes federal habeas corpus review. *Id*.; *see also Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (finding unexhausted claim that would be barred by the Texas abuse-of-the-writ doctrine if raised in a successive state habeas petition, to be procedurally barred).

Here, if Petitioner brought his unexhausted claims in a subsequent state habeas corpus application, the Court of Criminal Appeals would consider those claims to be procedurally defaulted as a successive state habeas application under Article 11.07 § 4 of the Texas Code of Criminal Procedure, so those claims are also procedurally barred from federal habeas review. *See Nobles*, 127 F.3d at 423.

Nevertheless, the Texas bar on successive or subsequent state habeas applications "will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was

9

ineffective." *Trevino v. Thaler*, 569 U.S. 413, 429 (2013) (citing *Martinez v. Ryan*, 566 U.S. 1 (2012)).  A substantial claim is one that has some merit.  *Ibarra v. Davis*, 738 F. App'x 814, 817 (5th Cir. 2018).  An insubstantial claim is one that does not have any merit or is "wholly without factual support."  *Id*.  Because the procedural bar for claims about ineffective assistance of trial counsel requires a determination of whether there is some merit to the claims, the merits of the unexhausted ineffective assistance claims will be addressed.

The remaining unexhausted claims regarding the denial of an examining trial; denial of the right to a speedy trial; treatment related to his mental disability; double jeopardy; prosecution's amendment of the indictment, presentation of perjured testimony, and delay of court proceedings; trial court error by failing to instruct the jury on an aspect of self-defense, shackling him, and excluding him from resentencing; ineffective assistance of appellate counsel; and deprivation of trial transcripts (new claim) are procedurally barred.

## IV.  SEARCH AND SEIZURE

Petitioner alleges an illegal search and seizure because he was illegally arrested, DNA samples were taken, and his injuries were photographed.

It is well-settled that a claim that evidence obtained pursuant to an unconstitutional search and seizure was admitted at trial cannot be a basis for federal habeas relief if the state provided an opportunity for a full and fair litigation of the Fourth Amendment claim.  *Williams v. Taylor*, 529 U.S. 362, 375 (2000); *Stone v. Powell*, 428 U.S. 465, 482 (1976).  If a state has a process that allows an opportunity for full and fair litigation of Fourth Amendment claims, federal habeas review of those claims is barred, even if a defendant did not use the state process to litigate the claims. *Register v. Thaler*, 681 F.3d 623, 628 (5th Cir. 2012); *Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir.

2006).  The State of Texas has a process that allows defendants to litigate Fourth Amendment claims at the trial level and on direct appeal.  *Register*, 681 F.3d at 628.  Consequently, Petitioner's illegal search and seizure claim is barred from federal review.

## V.  PETITIONER'S STATEMENTS

Petitioner claims that his statements to a police sergeant who stopped him and to a detective who interviewed him after his arrest were involuntary because he was not given *Miranda* warnings.

To protect the Fifth and Fourteenth Amendments' right against compelled self-incrimination, the Supreme Court has held that certain warnings must be given to a suspect prior to a custodial interrogation.  *See Miranda v. Arizona*, 384 U.S. 436, 444 (1966).  Prior to beginning any custodial interrogation, "the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has the right to the presence of an attorney, either retained or appointed."  *Id*.  In the absence of these warnings or their "fully effective equivalent," the State may not offer the defendant's resulting custodial statements as evidence of his guilt.  *Id*. at 476.  A confession can only be used against a defendant if it is voluntary.  *See Jackson v. Denno*, 378 U.S. 368, 376 (1964).

The police sergeant who stopped and spoke with Petitioner testified that he stopped and patted him down for weapons.  (*See* doc. 17-12 at 92.)  Petitioner was not under arrest at that time.  (*See id*.)  "[P]olice officers may stop and briefly detain an individual for investigative purposes if they have reasonable suspicion that criminal activity is afoot."  *Goodson v. City of Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000).  During an investigatory stop, officers may frisk or pat down the person for any weapons.  *See United States v. Williams*, 880 F.3d 713, 721 (5th Cir. 2018).  An investigatory stop does not render a person in custody for purposes of *Miranda*.  *See United States*

11

*v. Galberth*, 846 F.2d 983, 994 (5th Cir. 1988).  Because there was evidence that Petitioner was not in custody when he gave a statement to the sergeant, he has not shown that the state court's rejection of his claim regarding the statement to the sergeant was unreasonable.

The detective testified that he gave Petitioner *Miranda* warnings before the interrogation, that he was able to communicate with Petitioner, and that Petitioner was willing to talk to him.  (*See* doc. 17-12 at 159-63.)  Petitioner has not shown that the state court's rejection of his claim regarding the statement to the detective was unreasonable.

## VI.  INDICTMENT

Petitioner contends that the indictment was defective and was amended during trial, resulting in a variance between the original and amended indictments.  The record does not show that the indictment was amended.  Petitioner was convicted of aggravated assault, which was a lesser-included offense of aggravated robbery.

"The sufficiency of a state indictment is not a matter for federal habeas corpus review unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction." *Alexander v. McCotter*, 775 F.2d 595, 598 (1985); *see also McKay v. Collins*, 12 F.3d 66, 68–69 (5th Cir. 1994) ("sufficiency of a state indictment is not a matter of federal habeas relief unless it can be shown that the state indictment is so defective that it deprives the state court of jurisdiction").  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.  *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).  It is beyond the scope of federal habeas review to review the correctness of the state court's interpretation of state law.  *Young v. Dretke*, 356 F.3d 616, 628 (5th Cir. 2004); *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998); *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995).  The state

court rejected this claim, thereby necessarily finding that the indictment was sufficient. Federal habeas review of that determination is precluded. *See Alexander*, 775 F.2d at 598. Moreover, Petitioner has not shown that the state court's rejection of this claim was unreasonable.

## VII. SUFFICIENCY OF EVIDENCE

Petitioner contends that the evidence was insufficient to show that he used a deadly weapon and that he was not acting in self-defense.

Federal courts conduct an extremely limited review of habeas claims based on the sufficiency of the evidence using the standard in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Jackson* held that the correct standard of review when a state prisoner challenges the sufficiency of the evidence in a federal habeas corpus proceeding is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 320. Moreover, the trier of fact has the responsibility of weighing the evidence, resolving conflicts in testimony, and drawing reasonable inferences from basic facts to ultimate facts. *Id*. Under *Jackson*, "the assessment of the credibility of witnesses is generally beyond the scope of review." *Schlup v. Delo*, 513 U.S. 298, 330 (1995). "Determining the weight and credibility of the evidence is within the sole province of the jury." *United States v. Martinez*, 975 F.2d 159, 161 (5th Cir. 1992). Courts view "any required credibility determinations in the light most favorable to the guilty verdict." *United States v. Wise*, 221 F.3d 140, 154 (5th Cir. 2000). They do not "second-guess[ ] the weight or credibility given the evidence." *United States v. Ramos–Garcia*, 184 F.3d 463, 465 (5th Cir.1999).

The state appellate court held that the evidence was sufficient. It reasoned:

The evidence revealed that the encounter between [Petitioner] and the victim started when [Petitioner] attempted to obtain money from the victim for bringing Jackson to his truck. When the victim refused to pay, [Petitioner] told him he had flattened

13

the victim's tires. Even if this prompted the victim to confront and hit [Petitioner] with the tire tester bat, [Petitioner] told police that he took the bat away from the victim and then "took my aggression out on him." The trucker who witnessed the beating did not believe [Petitioner] was acting in self-defense because of the force [he] was using and the fact that victim was lying on the ground motionless while being beaten. After [Petitioner] finished beating the victim, the trucker saw [him] enter the victim's truck and remove three bags. The victim was beat "beyond recognition" according to the trucker. The evidence was undisputed that the victim sustained extensive injuries to his face and head that required reconstructive surgery. It was also undisputed that the victim no longer works as a trucker due to his injuries and was currently living with his sister. At trial, the victim identified jewelry found on [Petitioner] when he was apprehended as belonging to him. After reviewing the evidence in the light most favorable to the verdict, we conclude a rational jury could have found beyond a reasonable doubt the elements of aggravated assault and could have found against [Petitioner] on the self-defense issue beyond a reasonable doubt.

*Williams*, 2015 WL 3868530 at *5. Petitioner has not shown that the state court's rejection of this claim was unreasonable.

## VIII. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. It guarantees a criminal defendant the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *Id.* at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or

substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, the Petitioner must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

## A.    <u>Jury Selection</u>

Petitioner contends that counsel was ineffective in jury selection. He alleges that none of his preferred panel members served on the jury. In his reply, he appears to assert that African-American jurors were excluded during jury selection, and that there were not that many African-

Americans eligible for jury duty because jury panels are selected from a jury wheel or from a list of voters.  (*See* doc. 23 at 17.)

In response to the state habeas application, counsel in an affidavit identified the panel members that he challenged for cause and those for whom he used a peremptory challenge.  (*See* doc. 18-4 at 5.)  He discussed the peremptory challenges with Petitioner, who agreed with each challenge that counsel wanted to use.  (*See id*.)

Petitioner does not say what counsel should have done differently during jury selection.  He does not claim that counsel should have challenged other panel members for cause or by peremptory challenge.  He has not alleged or shown that peremptory challenges were used by the prosecutor to exclude potential jurors because of their race and that counsel should have objected under *Batson v. Kentucky*, 476 U.S. 79 (1986).  He has not alleged or shown that Dallas County systematically excludes a segment of the population and that counsel should have objected under *Duren v. Missouri*, 539 U.S. 357, 363-64 (1979).  Petitioner has not shown that the state court rejection of this claim was unreasonable.

## B.    Cross-examination

Petitioner contends that counsel did not cross-examine witnesses effectively because neither the victim nor truck driver could identify him, and the victim could not remember being assaulted.

On cross-examination, the truck driver testified that he could not identify the people in the altercation or tell who started the fight.  (*See* doc. 17-12 at 68.)  He did not see one person hit the other with the bat.  (*See id*. at 69.)  The victim did not remember the incident.  (*See* doc. 17-13 at 13-14.)  Petitioner does not allege what else counsel should have brought out on cross-examination. He is not entitled to relief on his conclusory claim.  *See Miller*, 200 F.3d at 282; *Woods*, 870 F.2d at 288.  He has not shown that the state court's rejection of this claim was unreasonable.

16

C.     **Examining Trial**

Petitioner contends that counsel failed to request an examining trial.

"[T]he sole function of the magistrate conducting an examining trial [under Tex. Code Crim. Proc. art. 16.01] is to make a finding on the issue of probable cause for the purpose of committing to jail, discharging or admitting to bail the accused." *Sanchez v. State*, 354 S.W.3d 476, 488 (Tex. Crim. App. 2011). The statutory right to an examining trial in Texas is terminated when a defendant is indicted by a grand jury. *See State of Texas v. Reimer*, 678 F.2d 1232, 1233 (5th Cir. 1982). "The reason or justification for an examining trial ceases at the time the grand jury returns its own probable cause determination via the indictment. This is true even in the case where the hearing is pending or is due to resume at a later date." *State ex re. Holmes v. Salinas*, 784 S.W.2d 421, 425 (Tex. Crim. App. 1990). "[A] finding of no probable cause [at an examining trial] does not foreclose [a] subsequent grand jury indictment." *Green v. State*, 872 S.W.2d 717, 730 n.4 (Tex. Crim. App. 1994).

Counsel's habeas affidavit stated that an examining trial was set for April 1, 2013, but the officer did not appear, and an examining trial was not conducted. Petitioner was indicted on April 10, 2013, before another examining trial could be set and held. (*See* doc. 18-4 at 3.)

Petitioner has not shown that counsel failed to request an examining trial. Moreover, he was indicted, which rendered the need for an examining trial moot. Petitioner has not shown that the state court's rejection of this claim was unreasonable.

D.     **Confession**

Petitioner contends that counsel failed to move to suppress his confession. As discussed, Petitioner has not shown his statements to the police should have been suppressed. Counsel was not

ineffective for failing to raise a meritless argument. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999); *see also Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("counsel is not required to make futile motions or objections"). He has not shown that the state court's rejection of this claim was unreasonable.

E.     **Supporting Evidence**

Petitioner contends that counsel failed to obtain evidence to support a defense. He does not identify any evidence that counsel should have, but did not, obtain.

Counsel's state habeas affidavit explained that he and his investigator unsuccessfully attempted to locate a witness known to Petitioner only by his first name, but the witness was no longer at the address supplied by Petitioner. (*See* doc. 18-4 at 3.) Counsel and his investigator reviewed all of the evidence, much of which they gathered. (*See id*. at 4.) They made numerous trips to the truck stop and interviewed potential witnesses. (*See id*.) Counsel obtained a criminal trespass warning that had been issued by the truck stop against the female witness who testified, and he used it to impeach her at trial. (*See id*.) He sought to obtain video surveillance camera footage at the truck stop, but it had been erased. (*See id*.) Petitioner is not entitled to relief on his conclusory claim. *See Miller*, 200 F.3d at 282; *Woods*, 870 F.2d at 288. He has not shown that the state court's rejection of this claim was unreasonable.

F.     **Shackling**

In an unexhausted claim, Petitioner contends that counsel failed to object to Petitioner being in shackles before the jury. The record does not show that he was shackled. "[A]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition, unsupported and unsupportable by anything else contained in the record, to be of

probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). He is not entitled to relief on his conclusory claim. *See Miller*, 200 F.3d at 282; *Woods*, 870 F.2d at 288. Because this unexhausted claim of ineffective assistance of counsel does not have merit, it is not a substantial claim that excuses the procedural bar. *See Ibarra*, 738 F. App'x at 817.

## G.    **Mandatory Victim Restitution Act**

In an unexhausted claim, Petitioner contends that counsel failed to advise him about the Mandatory Victims Restitution Act before he accepted the punishment agreement for a 15-year sentence. The Mandatory Victims Restitution Act is a federal statute that makes restitution mandatory for certain federal crimes. *See United States v. DeCay*, 620 F.3d 534, 539 (5th Cir. 2010). Petitioner has not shown that it applied to his state criminal case. Moreover, the judgment does not include an order for restitution. Petitioner has not shown that he is entitled to relief on this claim. Because this unexhausted claim of ineffective assistance of counsel does not have merit, it is not a substantial claim that excuses the procedural bar. *See Ibarra*, 738 F. App'x at 817.

## H.    **Hearsay and Photographs**

In an unexhausted claim, Petitioner contends that counsel failed to object to hearsay evidence and photographs. He does not identify any specific evidence that was objectionable, and he does not allege any basis for an objection. He is not entitled to relief on his conclusory claim. *See Miller*, 200 F.3d at 282; *Woods*, 870 F.2d at 288. Because this unexhausted claim of ineffective assistance of counsel does not have merit, it is not a substantial claim that excuses the procedural bar. *See Ibarra*, 738 F. App'x at 817.

## I.    **Co-counsel**

In this unexhausted new claim, Petitioner contends that counsel brought in another attorney

to assist with the trial.

An attorney was appointed as Petitioner's counsel.  (*See* doc. 17-6 at 11.)  That attorney made arguments and questioned witnesses throughout the trial. A second attorney also represented Petitioner at trial.  (*See* doc. 17-11 at 2, 15.)  The record does not show the capacity in which the second attorney was assisting appointed counsel.

Petitioner does not explain how the presence of a second attorney constituted ineffective assistance, or how his case was adversely affected by having a second attorney.  He is not entitled to relief on his conclusory claim.  *See Miller*, 200 F.3d at 282; *Woods*, 870 F.2d at 288.  Because this unexhausted claim of ineffective assistance of counsel does not have merit, it is not a substantial claim that excuses the procedural bar.  *See Ibarra*, 738 F. App'x at 817.

### J.    Lack of Pretrial Plea Agreement

In a new unexhausted claim, Petitioner contends that counsel was ineffective because Petitioner would have preferred to accept a plea agreement than go to trial.  He does not allege how counsel's performance was deficient.  Prior to trial, the State offered a plea agreement for a 20-year sentence, which Petitioner rejected.  (*See* doc. 17-10 at 13.)  Petitioner stated that he wanted an agreement for probation, but the State would not offer one.  (*See id*. at 16.)  As discussed, after the jury found him guilty, he and the State agreed to a punishment of 15 years.  He is not entitled to relief on his conclusory claim.  *See Miller*, 200 F.3d at 282; *Woods*, 870 F.2d at 288.  Because this unexhausted claim of ineffective assistance of counsel does not have merit, it is not a substantial claim that excuses the procedural bar.  *See Ibarra*, 738 F. App'x at 817.

### K.    Counsel's Visits

In this new claim, Petitioner contends that counsel did not visit him, and that his pretrial

20

discussions with counsel were recorded without their knowing who was listening.

Counsel's state habeas affidavit set out the dates of his nine visits to Petitioner in jail, including one that lasted six hours. (*See* doc. 18-4 at 4.) Petitioner has not shown that counsel failed to visit him. He also does not allege any facts regarding the recording of their discussions, and the record does not show that there were any such recordings. *See Ross*, 694 F.2d at 1011. He is not entitled to relief on his conclusory claim. *See Miller*, 200 F.3d at 282; *Woods*, 870 F.2d at 288.

In his state habeas petition, Petitioner asserted that counsel was appointed in March 2013, but he did not communicate with him until April 25, 2013. (*See* doc. 18-5 at 27.) He did not raise a claim about any recording of their discussions, and that aspect of his claim is unexhausted. To the extent that his claim about counsel's failure to visit him is exhausted, it lacks merit. To the extent that his claim about counsel's visits is unexhausted, it also lacks merit, as does his claim about recorded discussions. Neither is a substantial claim that excuses the procedural bar. *See Ibarra*, 738 F. App'x at 817.

## IX.  EVIDENTIARY HEARING

Upon review of the pleadings and the proceedings held in state court as reflected in the state court records, an evidentiary hearing appears unnecessary. Petitioner has not shown he is entitled to an evidentiary hearing.

## X.  RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**SO RECOMMENDED** this 13th day of November, 2018.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE